ELLWOOD CLARK, Appellant, v. ALEXANDER F. MITCHELL and Others, Defendants, Impleaded with HERBERT L. JAMISON and Others, Respondents.— Judgment dismissing the amended and supplemental complaint reversed upon the law and the facts, with costs, and judgment directed, without costs, awarding plaintiff a declaratory judgment that the respondents are in no position to enforce the restrictions contained in the deed to plaintiff from Katharine Fisher Lewis, whose property, of all of the defendants in this action, is the only adjoining property contemplated within the language of the deed. The testimony and exhibits show without dispute that the Lewis property both to the south and to the east of plaintiff's property is unrestricted, as is also the property immediately adjoining plaintiff's property to the north. This unrestricted portion lying immediately to the east of plaintiff's property is upwards of 100 feet frontage on the road called Lewis avenue and is fully that dimension in depth, being also fully 200 feet abutting the property of the defendants to the extent of the entire frontage of plots 8, 9 and 10 shown upon the exhibits. We are not concerned with any claims which the respondents may have against the Lewis property or the mutuality of covenants between the respondents and Lewis and her successors. The question here is of concern as between plaintiff and the Greenburgh Development Corporation, the present owner of the Lewis property, which does not object to or oppose the relief

* Affd., 264 N. Y. 643.

sought by plaintiff. The testimony undisputedly does not establish a general scheme of development whereby grantor and grantees are all mutually bound by restrictive covenants. The only servitude here is one inuring to the property retained by Mrs. Lewis for her home. There is no evidence, much less " clear and convincing " evidence, that the restrictive covenant imposed upon plaintiff was for the benefit of any other purchaser of neighborhood property from Mrs. Lewis. (See *Korn* v. *Campbell*, 192 N. Y. 490, 495; *Bristol* v. *Woodward*, 251 id. 275, 284.) Findings of fact and conclusions of law inconsistent herewith are reversed, new findings to be made in accordance herewith, same to be settled on notice. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.